**DAVIS v. TOLOWA ROYALTIES, Inc., et al.**

No. 188.

Circuit Court of Appeals, Tenth Circuit.

April 4, 1930.

Charles West, of Tulsa, Okl., for appellant.

Elmer J. Lundy and Garrett Logan, both of Tulsa, Okl. (L. M. Poe, R. E. Morgan, Geo. S. Ramsey, Edgar A. deMueles, and Villard Martin, all of Tulsa, Okl., on the brief), for appellees.

Before LEWIS, COTTERAL, and PHILLIPS, Circuit Judges.

LEWIS, Circuit Judge.

Adeline Grayson was enrolled by the Dawes Commission as a Creek Indian, and was given title to 40 acres of tribal lands as her homestead. She died in 1914 or 1915. Her son testified she died about November 12, 1915. She left two sons surviving. The death of another son preceded her death. The three sons were by different fathers, but none by appellant. There is evidence that she was half Creek and half Negro. John Davis, plaintiff and appellant, a full-blood Negro born in Arkansas and without any connection or status with any Indian tribe, claims he was the husband of Adeline at the time of her death, and on that claim he brought this suit, asserting an undivided third-interest in the 40 acres, that his right thereto be adjudicated, that he be given one-third of all of the oil and gas taken from the land by defendants, and that they account to him therefor. Adeline's son also testified that his mother married Yahola Fixico about 1908, under a license and by a preacher, and they lived together as husband and wife until Adeline's death. However, the son further testified that he first saw John Davis at his mother's home when the son was six or seven years old, and that Davis "was husband to Adeline." To sustain the claimed relation proof was introduced which, it may be said, had a slight tendency to show a common-law marriage, but no one testified that Adeline and John ever agreed, formally or informally, at any time or place, that they would thence be husband and wife and live together in that relation. Nor is there claim of a solemnization pro forma, nor under tribal laws. There was some evidence of a holding out in the community that they spoke of each other as husband and wife in the presence of neighbors, at Adeline's home where John went to live in 1898 or 1899, and elsewhere, and that on one or two occasions they testified in controversies between others,

that did not involve their relations, that John was Adeline's husband and Adeline was John's wife. But this, we think, under all the facts, was a mere pretense in avoidance of admissions that their relation was wholly meretricious. In October, 1920, John testified:

"About how long did you live with her?" Ans. "Me and her separated in 1905." "You say you and she separated in 1905?" Ans. "Yes, sir." "Where were you married?" Ans. "Well, we didn't marry at that time." "You just started to live together?" Ans. "Yes, sir." "Then there was never a marriage outside of that?" Ans. "No. sir."

This testimony belies the plaintiff's claim. There was other evidence that their relations continued to 1908. But the conclusive answer is the fact that within a few years after separation and without divorce each of them married under the recognized and legally accepted form—Adeline to Yahola Fixico, with whom she continued to live until her death, and John to Ellen Cohee in 1912—a solemn admission by each that the prior relation between them was not marital. John, in his written application made November 20, 1912, for a license to marry Ellen Cohee, said under oath that both he and Ellen were "unmarried and not disqualified or incapable under the law of entering into the marriage relation." John testified that he and Ellen were married by Parson Dixon in 1912, that he got the license to marry Ellen, that he did not think he would live with Adeline any more, and "went ahead and married," that he heard about 1911 Adeline had married, and did not hear of her death until 1914 or 1915. He admitted that while he lived with Adeline she went by the name of Grayson and signed papers, "Adeline Grayson." Since he married Ellen Cohee he has continued to live with her and seven children have been born of that marriage. Several witnesses testified that John ceased living with Adeline in 1905, that she had him arrested for attempt to rape, and their relations ended with that. Then the neighborhood discussion was that they were not husband and wife. John admitted that he was arrested on the charge and held in jail for a while.

On this sordid story counsel gravely asks the court to reverse the decree dismissing the bill, claiming that the evidence establishes John was the husband of Adeline at the time of her death. That, of course, is the foundation of his suit. The claim is utterly devoid of merit. Decree below affirmed.